[Civ. No. 6705. First Appellate District, Division One.—March 18, 1929.]

BELLE GAZAVE, Respondent, v. JULIAN GAZAVE, Appellant.

W. P. Butcher for Appellant.

Victor J. Miller for Respondent.

THE COURT.—An appeal by the defendant from an interlocutory judgment or decree entered in an action for divorce on the ground of extreme cruelty.

The court made a division of certain real and personal property which it found to be the community property of

the spouses. Defendant contends that the findings and decree do not conform to the issues; that the findings are uncertain and do not support the decree; that the property set aside to the plaintiff was not community property and that the award to her was an abuse of discretion.

The complaint alleged that the community property "consisted of their home in Santa Barbara, lots in Redwood City," with money in bank, stocks in oil companies, bonds and an automobile, the value of which was unknown to the plaintiff. No exception to the pleading on the ground of uncertainty was taken by demurrer or otherwise, and the defendant by his answer denied "that the home of plaintiff and defendant in Santa Barbara . . . or the lots in Redwood City" were community property, but, on the contrary, were his own separate property.

The evidence clearly identifies the Santa Barbara property as being the residence of the parties, and in the findings its legal description is given, which was also the case in the interlocutory decree, and this property, with certain household furniture, was awarded to the plaintiff. In the findings the Redwood City property was not specifically described; it was, however, so described in the decree and awarded to the defendant. We find no merit in defendant's objections to the sufficiency of the findings or the decree.

Defendant bases his contention that the property awarded to his wife was not community property upon the following agreement executed and acknowledged by her:

"For and in consideration of the sum of five hundred dollars ($500.00) to me in hand paid, the receipt whereof is hereby acknowledged, by my husband, Julian Gazave, I hereby release my said husband, Julian Gazave, from all claim that I may have upon him of every nature, and particularly of all claims that I may have upon him as my husband for alimony, support, maintenance, costs, attorneys' fees, or other claim of whatsoever nature arising out of the marital relation. And I hereby release unto him and his heirs all claim that I now have or may have in the future upon his estate, and agree in the event of his death to make no claim upon his estate by reason of my being his wife. And I hereby release him from all claims to arise in the future in the nature of support, maintenance, costs

or attorneys' fees or any other claims arising out of the marital relation.

"Dated at Ventura, California, this 14th day of October, 1916.

"(Signed) BELLE GAZAVE."

■ It appears from the testimony that some time before the date of the agreement the parties separated and each instituted a proceeding for divorce against the other. It was then that the agreement was made, but they were subsequently reconciled, resumed marital relations, and, according to the testimony of the plaintiff, her husband assured her that the agreement had been destroyed. They continued to live together until July 14, 1925, and the property awarded to the plaintiff in the present proceeding was acquired in 1921. The agreement was not in terms a relinquishment of her interest in the community property, but only of claims for alimony, costs, and attorneys' fees, nor should it be given that construction. Moreover, it is clear from the testimony that the parties upon their reconciliation intended and agreed to abrogate it.

The evidence discloses no ground for the contention that the trial court abused its discretion by awarding the home and furnishings to the plaintiff, and the judgment is accordingly affirmed.